# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ALEXANDRA LOPEZ,

    Plaintiff,

Case No.:

vs.

PRIME TECH 360, LLC
d/b/a AT&T,
a Florida Limited Liability Company

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ALEXANDRA LOPEZ (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against PRIME TECH 360, LLC (hereinafter referred as "PRIME TECH" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

1. Plaintiff brings this action for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*, 42 U.S.C. §1981, and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA").

2. This Court has jurisdiction under 28 U.S.C. §§ 1331.

3. Venue is proper under 28 U.S.C. § 1391.

4. These claims arise under the laws of the United States.

5. The events giving rise to this action occurred within this District.

## SATISFACTION OF ADMINISTRATIVE REQUIREMENTS

6. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**.

8. EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## **PARTIES**

9. Plaintiff was an employee of Defendant from approximately September 2020 to January 2021.

10. Plaintiff was employed by Defendant in Orlando, Florida.

11. Defendant is a Florida Limited Liability Company which operates one or more stores in the Central Florida area, including the Orlando location where Plaintiff was employed.

## **FACTS**

12. Plaintiff was hired by Prime Tech in September 2020.

13. In October 2020, Plaintiff informed her managers that she was pregnant.

14. Plaintiff continued to work with no restrictions despite her pregnancy.

15. However, Plaintiff did express her displeasure with performing certain tasks (lifting heavy objects, climbing ladders, etc.).

16. Thereafter, Defendant began to treat Plaintiff differently than other employees.

17. Additionally, Plaintiff was moved to a location that was farther away from her house.

18. Plaintiff was also the only employee who did not receive an invitation to the Company holiday party.

19. Plaintiff was falsely accused of stealing from the Company.

20. However, Defendant later admitted that it found no proof of this accusation of stealing.

21. Defendant allowed her to continue working after the investigation into stealing was completed.

22. Plaintiff was ultimately terminated from her employment on January 2, 2021.

23. Plaintiff's termination was based on another false accusation that she was sleeping on a couch during business hours.

24. However, Defendant's reason for Plaintiff's termination is false and a pretext for discrimination.

25. Plaintiff also states that a male employee actually did sleep at work and was never terminated.

## CAUSES OF ACTION

### COUNT I - PREGNANCY DISCRIMINATION ACT, TITLE VII

26. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 25.

27. Based on the conduct described in this Complaint, Defendant is liable for discrimination and harassment in violation of the Pregnancy Discrimination Act.

28. Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

29. Defendant's conduct harmed and caused damage to Plaintiff.

## COUNT II - PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA

30. Plaintiff re-alleges and adopts the allegations of paragraphs 1-25 above as if fully set forth herein.

31. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

32. Plaintiff was pregnant at the time of her employment with Defendant and a member of a protected class.

33. Plaintiff was qualified for her current position.

34. Plaintiff was subjected to the adverse employment action of being terminated.

35. Plaintiff was treated less favorable than non-pregnant, similarly situated employees.

36. Defendant discriminated against Plaintiff because of her pregnancy.

37. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her pregnancy.

38. The discrimination to which Plaintiff was subjected was based on her pregnancy.

39. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

40. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

41. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

42. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

43. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## RELIEF REQUESTED

Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in Plaintiff's favor;

c. Back pay;

d. Front pay;

e. Compensatory damages;

f. Liquidated damages;

g. Attorney's fees and expenses;

h. Prejudgment interests, and, if applicable, post-judgment interest;

i. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled; and

j.  Plaintiff asks for economic, compensatory damages or such amount awarded by a jury for the aforementioned harms to Plaintiff.

Dated this __18th__ day of November, 2021.

> Respectfully submitted,
>
> s/ Edward W. Wimp
> Edward W. Wimp, Esquire – LEAD COUNSEL
> FBN: 1015586
> Email: ewimp@theleachfirm.com
>
> Anthony Hall, Esquire
> FBN: 0040924
> Email: ahall@theleachfirm.com
>
> THE LEACH FIRM, P.A.
> 631 S. Orlando Ave., Suite 300
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 813-7513
>
> Attorneys for Plaintiff